J-S04032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :               PENNSYLVANIA
                                              :

              v.                                 :
                                              :

PEDRO EWING                         :
                                              :

             Appellant                 :     No. 941 MDA 2018

Appeal from the PCRA Order May 10, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001592-2015,
CP-40-CR-0002422-2015, CP-40-CR-0002945-2015

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED APRIL 25, 2019**

Appellant, Pedro Ewing, appeals from the order entered in the Court of

Common Pleas of Luzerne County, which denied his first petition filed pursuant

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We

affirm and grant counsel's petition to withdraw.

The trial court aptly sets forth the facts and procedural history of this

case:

> The Luzerne County District Attorney filed three criminal
> informations against the Defendant [hereinafter, "Appellant"],
> charging him with various theft and drug related offenses.
> Appellant eventually pleaded guilty to three of the original seven
> counts charged, and no contest to another of the counts. He was
> sentenced on March 2, 2016. Appellant did not seek to withdraw
> his guilty pleas before or after sentencing, but he did successfully
> move to modify his sentence based on an assertion that he had
> been sentenced using the wrong prior record score. Motion filed
> 3/8/16; N.T. 4/18/16 at 5.

---

\*   Former Justice specially assigned to the Superior Court.

Appellant did not directly appeal his April 18, 2016, sentence. On April 18, 2017, however, he filed a timely *pro se* motion pursuant to the [PCRA] setting forth five post-conviction claims. PCRA counsel was appointed to represent Appellant, and a PCRA hearing was scheduled for May 10, 2018.

When the hearing commenced, [PCRA] counsel indicated to the [PCRA court] that of the five claims originally raised in the PCRA petition, Appellant no longer wished to pursue the claim that prior counsel was ineffective for failing to file a direct appeal, or the claim that the [trial] court erred by sentencing Appellant using the wrong prior record score, and instead only wished to seek post-conviction relief with regard to the allegation that Appellant "[did not] understand what he was pleading guilty to." N.T. 5/10/18 at 2-3. [PCRA] counsel thus requested that the issues pertaining to the direct appeal and the prior record score be withdrawn, and the [PCRA] court granted that request. *Id*.; Order filed 5/10/18. [PCRA] counsel additionally clarified that the specific post-conviction relief sought by Appellant was the opportunity to withdraw his guilty plea. N.T. 5/10/18 at 3.

Appellant was then permitted to testify, and counsel for both parties offered argument in support of their respective positions. [PCRA] counsel suggested to the [PCRA] court that Appellant's testimony supported a finding that he did not understand the charge to which he pled, and that he believed that he was pleading to a lesser version of the crime with a lower offense gravity score and involving a lesser sentence. Id. at 16. The [PCRA] court found to the contrary, however. Based on its review of the record, including the guilty plea colloquy conducted at the time the Appellant's plea was accepted, Appellant's testimony at the PCRA hearing, and the post-conviction arguments offered, the [PCRA] court determined that the record before it showed that Appellant's plea was knowingly, voluntarily, and understandingly tendered. Id. at 18-19. As such the [PCRA] court denied Appellant's PCRA petition.

On June 7, 2018, Appellant timely appealed the May 10, 2018, denial of his request for post-conviction relief. Appellate counsel was appointed to represent Appellant, and a timely, counseled Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal was filed on June 27, 2018. The Commonwealth filed its response to Appellant's 1925(b) Statement on July 31, 2018.

PCRA Court Opinion, 10/24/18 at 1-3.

Preliminarily, appointed counsel has filed a petition to withdraw and accompanying no-merit brief establishing why Appellant is not entitled to PCRA relief. The "***Turner/Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa.Super. 2012). We have explained:

> The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless.

***Id.*** at 1184 (footnote omitted).

In addition to requesting permission to withdraw,

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no—merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

> ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super. 2012) (internal citations omitted) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007)).

***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016).

Appellate counsel has filed with this Court a **Turner**/**Finley** brief detailing the nature of counsel's review, listing the issue Appellant wishes this Court to review, and explaining why and how the issue lacks merit. Included with this filing are counsel's petition to withdraw and the letter he sent to Appellant advising him of his rights in the wake of counsel's petition. Specifically, the letter advises: "please note that you are free to hire private counsel or proceed *pro se* and file your own brief raising any other additional issues." **Turner**/**Finley** letter, filed 12/14/18. As stated, appellate counsel's letter properly informs Appellant of his immediate right to proceed with this appeal *pro se* or through privately-retained counsel. **See Muzzy**, 141 A.3d at 512.

Although the petition does not contain proof of service on Appellant, the letter mentions both the brief and petition as being enclosed. The brief contains proof of service on Appellant. To date, Appellant has not filed a response to counsel's petition to withdraw. For these reasons, we conclude counsel's withdrawal request satisfies **Turner**/**Finley**.

Turning to our independent review, we observe that the **Turner**/**Finley** brief raises the following preserved issue on Appellant's behalf:

> WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADEQUATELY EXPLAIN THE PLEA AGREEMENT TO THE APPELLANT THUS MAKING IT AN INVOLUNTARY PLEA?

**Turner**/**Finley** Brief at 1.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

- 4 -

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

Appellant contends that plea counsel rendered ineffective assistance by failing to advise him that he was pleading guilty to a Felony 1 robbery involving the threat of immediate serious bodily injury." Regarding ineffective assistance of counsel claims arising from guilty pleas, we have noted the following:

[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea.... The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (citations omitted).

The record, including the notes of testimony from Appellant's PCRA hearing, belies his ineffective assistance of counsel claim. In addition to Appellant's completion of a written guilty plea agreement in which he acknowledged that his plea was to Felony 1 robbery involving threat of serious bodily injury, the trial court conducted a full on-the-record guilty plea colloquy wherein Appellant, again, acknowledged commission of this crime. Appellant is bound by those statements and "may not assert grounds for withdrawing the plea that contradict statements made when he pled." **Id**. Accordingly, we discern no merit to Appellant's claim that he did not understand the nature of his plea.[1]

Based upon Appellant's failure to establish the arguable merit prong of the ineffectiveness of counsel test, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed; counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2019

---

[1] In reaching this conclusion, we adopt the well-reasoned opinion of the Honorable David W. Lupas as our own.

- 6 -

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | : | OF LUZERNE COUNTY |
| | : | |
| v. | : | |
| | : | CRIMINAL DIVISION |
| PEDRO EWING | : | |
| | : | |
| Defendant / Appellant | : | |
| | : | NOs. 1592, 2422, 2945 of 2015 |
| | : | |

## OPINION

BY:    THE HONORABLE DAVID W. LUPAS

## I.    FACTS AND PROCEDURAL HISTORY:

This matter comes before the Court pursuant to the Defendant's appeal of our denial of his Petition for Post-Conviction Collateral Relief.

The Luzerne County District Attorney filed three criminal informations against the Defendant, charging him with various theft and drug related offenses. The Defendant eventually pleaded guilty to three of the original seven counts charged, and no contest to another of the counts.[1] He was sentenced on March 2, 2016.[2] The Defendant did not seek to withdraw his guilty pleas before or after sentencing, but he did successfully move to modify his sentence

---

[1] At case 1592 of 2015 the Defendant pleaded guilty to violating 18 Pa.C.S.A. 3701(a)(1)(ii) (F1). At case 2422 of 2015 the Defendant pleaded guilty to violating 18 Pa.C.S.A. § 3928 (M2) and 35 Pa.C.S.A. § 780-113(a)(32) (M). At case 2945 of 2015 the Defendant pleaded no contest to violating 18 Pa.C.S.A. § 3929(a)(1) (M1).

[2] The certified record contains written plea agreements signed by the Defendant on October 5, 2015 and March 2, 2016. Additionally, the oral guilty plea colloquies that were administered for each plea appear in the hearing transcripts dated October 5, 2015 (1592 of 2015 and 2945 of 2015), and March 2, 2016 (2422 of 2015).

1

based on an assertion that he had been sentenced using the wrong prior record score. Motion filed 3/8/16; N.T. 4/18/16 at 5.

The Defendant did not directly appeal his April 18, 2016 sentence. On April 18, 2017, however, he filed a timely *pro se* motion pursuant to the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, setting forth five post-conviction claims. PCRA petition filed 4/18/17 at 3-4a.[3] PCRA counsel was appointed to represent the Defendant, and a PCRA hearing was scheduled for May 10, 2018. When the hearing commenced, defense counsel indicated to the Court that of the five claims originally raised in the PCRA petition, the Defendant no longer wished to pursue the claim that prior counsel was ineffective for failing to file a direct appeal, or the claim that the Court erred by sentencing the Defendant using the wrong prior record score, and instead only wished to seek post-conviction relief with regard to the allegation that the Defendant "[did not] understand what he was pleading guilty to." N.T. 5/10/18 at 2-3.[4] Defense counsel thus requested that the issues pertaining to the direct appeal and the prior record score be withdrawn, and the Court granted that request. *Id.* at 2-3; Order filed 5/10/18. Defense counsel additionally clarified that the specific post-conviction relief sought by the Defendant was the opportunity to withdraw his guilty plea. N.T. 5/10/18 at 3.

---

[3] We note that the PCRA petition contains two pages numbered 4, which we fill refer to here as 4 and 4a.

[4] Pertaining to the validity of the Defendant's guilty plea, the PCRA petition had specifically asserted that (1)"Counsel was ineffective for failing to visit and communicate strategy with Petitioner," (2) "Counsel was ineffective for not allowing the petitioner to read the written colloquy prior to sentencing and misleading the petitioner about his sentence with the plea agreement," and (3) "Counsel was ineffective for not objecting to the erred discription [sic] of the charge and it's level of offense gravity score during the oral colloquy which was not in the plea agreement." PCRA petition filed 4/18/17 at 3-4.

The Defendant was then permitted to testify, and counsel for both parties offered argument in support of their respective positions. *Id.* at 4-15, 16-18.[5] Defense counsel suggested to the Court that the Defendant's testimony supported a finding that he did not understand the charge to which he pled, and that he believed that he was pleading to a lesser version of the crime with a lower offense gravity score and involving a lesser sentence. *Id.* at 16. The Court found to the contrary, however. Based on its review of the record, including the guilty plea colloquy conducted at the time the Defendant's plea was accepted, the Defendant's testimony at the PCRA hearing, and the post-conviction arguments offered, the Court determined that the record before it showed that the Defendant's plea was knowingly, voluntarily, and understandingly tendered. *Id.* at 18-19. As such, the Court denied the Defendant's PCRA petition. *Id.*

On June 7, 2018, the Defendant timely appealed the May 10, 2018 denial of his request for post-conviction relief. Appellate counsel was appointed to represent the Defendant, and a timely, counseled Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal was filed on June 27, 2018. The Commonwealth filed its response to the Defendant's 1925(b) Statement on July 31, 2018.

## II. LAW AND DISCUSSION:

The Defendant's 1925(b) Statement indicates that he intends to raise the following three issues before the Superior Court for purposes of appealing the denial of his PCRA petition:

> 1. Whether trial counsel was ineffective in failing to adequately explain the plea agreement to the Defendant, thus making it an involuntary plea;

---

[5] From defense counsel's direct examination of the Defendant, and the Defendant's direct and cross examination testimony at the PCRA hearing, it is clear that the Defendant is seeking post-conviction relief based on a challenge to the validity of his plea at 1592 of 2015, pertaining to robbery involving threat of immediate serious bodily injury. N.T. 5/10/18 at 4-5, 6-7, 8.

2. Whether trial counsel was ineffective in failing to object to an incorrect offense gravity score in the pre-sentence investigation at sentencing;

3. Whether trial counsel was ineffective in failing to adequately communicate with the Defendant in preparation of his defense strategy and trial.

Defendant's Rule 1915(b) Statement filed 6/27/18 at 1.

Before reaching the merits of these issues, we note that this Court was not given an opportunity to address issues 2 and 3. As indicated above, at the commencement of his PCRA hearing the Defendant specifically requested, and was given, permission to withdraw all post-conviction issues *other than those assertions pertaining to his guilty plea.* N.T. 5/10/18 at 2-4. As such, this Court's denial of the Defendant's PCRA petition was based *solely* on our assessment of whether the Defendant met his burden of proving his entitlement to post-conviction relief on that issue. *Id.* at 18-19.

Because this Court was not asked to address whether trial counsel was ineffective for "failing to object to an incorrect offense gravity score in the pre-sentence investigation at sentencing" and/or "failing to adequately communicate with the Defendant in preparation of his defense strategy and trial," the Defendant has waived those issues for purposes of appeal. Pa.R.A.P. 302(a) (Issues not raised in the lower court are waived and cannot be raised for the first time on appeal); *Commonwealth v. Mason*, 634 Pa. 359, 401, 130 A.3d 601, 626 (2015). We thus turn to the 1925(b) statement's remaining claim that trial counsel was "ineffective in failing to adequately explain the plea agreement to the Defendant, thus making it an involuntary plea." Defendant's Rule 1915(b) Statement filed 6/27/18 at 1.

4

As noted above, the Defendant testified at the PCRA hearing in support of his request to withdraw his guilty plea entered to 1592 of 2015, Count 1.[6] To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citing *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). A guilty plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. *Id*. A claim alleging that a guilty plea was not voluntary, knowing or intelligent because of the ineffective assistance of counsel is cognizable under 42 Pa.C.S.A. § 9543(a)(2)(ii), and may provide a basis for the withdrawal of the plea at the post-conviction stage. *Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 288, 773 A.2d 126, 131 (2001); *Commonwealth v. Orlando*, 156 A.3d 1274, 1280–1281 (Pa. Super. 2017); *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006).

Counsel is presumed effective, however, and once a defendant has entered a plea of guilty it is also presumed that the defendant was aware of what he was doing. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (*citing Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999)). Additionally, the law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty, only that the decision be knowingly, voluntarily, and intelligently made. *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). A defendant's disappointment in the sentence imposed does not constitute "manifest injustice." *Pollard*, 832 A.2d at 522.

---

[6] Because the Defendant's request for post-conviction relief was limited to the issue of the validity of his plea to robbery at 1592 of 2015, we similarly limit our current discussion to that issue.

5

Here, Count 1 of the criminal information filed at 1592 of 2015 charged the Defendant with violating 18 Pa. C.S.A. § 3701(a)(1)((ii), which states that "[a] person is guilty of robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). Pertinent to this charge, the information specifically indicated that the Defendant, "in the course of committing a theft, threatened another with immediate serious bodily injury or intentionally put another in fear of serious bodily injury." Information filed 6/23/15. The information further indicated that the crime was graded as a felony 1. *Id*.

During the oral guilty plea colloquy conducted on October 5, 2015, the Commonwealth indicated to the Court, in the presence of the Defendant, that it was the Commonwealth's understanding that the Defendant intended to plead guilty to Count 1 of the information filed at 1592 of 2015, which was graded as a felony 1, carrying a statutory maximum sentence of 25 years' incarceration. N.T. 10/5/15 at 3. Defense counsel then indicated to the Court, in the presence of the Defendant, that it was the Defendant's intention to plead guilty to Count 1 of the information filed at 1592 of 2015. *Id*. at 4. The Defendant did not contradict this statement, or in any way indicate that he did not understand the crime to which he was pleading or that it was not his intention to plead to that crime. When questioned by the Court, the Defendant answered in the negative when asked if he had any difficulty in reading, writing or understanding the English language. *Id*. at 5. The Defendant also answered in the negative when the Court asked him if he was under the influence of any drugs or alcohol, or suffering from any mental illness, which would affect his ability to understand the guilty plea proceeding. *Id*. Further, the Defendant answered in the affirmative when the Court asked him if he had reviewed and discussed with his attorney his desire to enter into the plea agreement. *Id*. The Defendant

6

answered in the affirmative when the Court asked him he had reviewed and signed the written plea agreement. *Id.* The Defendant answered in the affirmative when the Court asked him if he understood the possible range of sentences and the statutory maximum sentence involved. *Id.* at 6-7. Briefly summarizing the facts alleged, the Commonwealth indicated, in the presence of the Defendant, that "[o]n or about April 4, 2015, the defendant did threaten another with ***serious bodily injury*** in the course of committing a theft at the Wine & Spirit Store in Wilkes-Barre Township." *Id.* at 7 (emphasis added). The Defendant then answered in the affirmative when the Court asked him if he was admitting to these alleged facts. *Id.* The Defendant answered in the affirmative when the Court asked him if he understood that he had the right to plead not guilty and request a trial. *Id.* at 8.

Pertinent to the Defendant's answers to the Court's questions during the oral plea colloquy, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted). See also *Orlando*, 156 A.3d at 1280–1281 ("[A] defendant is bound by the statements which he makes during his plea colloquy" and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea.).

Despite the Defendant's specific admission during the October 5, 2015 guilty plea colloquy that he had threatened another with immediate serious bodily injury in the course of committing a theft, as charged by the Commonwealth, N.T. 10/5/15 at 7, the Defendant nonetheless claimed during the subsequent PCRA hearing that he was not aware that his guilty plea involved an admission to threatening serious bodily injury. N.T. 5/10/18 at 8. Additionally,

7

the Defendant claimed that he "didn't have any idea about the threat of serious bodily injury until probably after the sentencing," and that he was not "fully aware of what the exact charge was." *Id*. at 8, 9. Additionally, the Defendant insisted that the first time he "got a look at the charges" was after the April 18, 2016 re-sentencing. *Id*. at 10-11.

The Defendant subsequently admitted on cross examination, however, that the plea agreement he signed on May 10, 2015 stated that he was pleading to "F1 Robbery." *Id*. at 13. The Defendant further admitted that at the time of the May 10, 2015 plea colloquy he understood that he was pleading to that charge. *Id*. Additionally, the Defendant acknowledged that the Assistant District Attorney specifically indicated to him during the colloquy that the plea agreement pertained to the accusation that he had threatened another with immediate serious bodily injury in the course of committing a theft. *Id*.

In determining whether this Defendant entered a knowing, voluntary and intelligent guilty plea to Count 1 at 1592 of 2015, this Court is free to consider the totality of the circumstances surrounding the plea." *Bedell*, 954 A.2d at 1212 (*citing Commonwealth v. Flanagan*, 578 Pa. 587, 854 A.2d 489, 513 (2004)). Further, assessing the credibility of witnesses' testimony is well within the discretion of the trial court. *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1290 (Pa. Super. 2003). Finally, as noted previously, a defendant is bound by the statements made during a plea colloquy and may not assert grounds for withdrawing the plea that contradict those statements. *Pier*, *supra*; *Orlando*, *supra*.

Based on the thorough plea colloquy conducted in this case, including the nature of the questions posed to the Defendant at that time, and the corresponding answers given by the Defendant evidencing his review of the matter with his counsel, and his understanding of both the plea process and the charges to which he was pleading, this Court is of the opinion that there

8

is no merit to his current claim that he did not understand what he was pleading to. As noted above, the record clearly demonstrates that the Defendant was put on notice that he was charged with robbery, involving threat of serious bodily injury. The Defendant was informed, both through the written guilty plea agreement that he read and signed and the oral guilty plea colloquy process that he participated in, that he was charged with robbery involving threat of serious bodily injury. Consequently, the Defendant cannot plausibly contend that ineffective assistance of counsel prevented him from being fully informed as to the offense to which he was pleading, or that the plea was not knowingly, voluntarily and intelligently entered. The Defendant has not proven the existence of manifest injustice which prejudiced him to the extent that he is entitled to withdraw his plea. Accordingly, our denial of the Defendant's claim for post-conviction relief should be affirmed.

**END OF OPINION**